IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-103-D

| | | |
|---|---|---|
| ERIKA ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GCA EDUCATION SERVICE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 22, 2010, GCA Education Services, Inc. ("GCA"), the sole remaining defendant, filed a motion to dismiss plaintiff's complaint as a sanction for her failure to serve her Rule 26(a) disclosures [D.E. 19]. On April 15, 2010, the court ordered plaintiff to show cause why she should not be sanctioned and to demonstrate full compliance with all outstanding discovery obligations [D.E. 21]. In that order, the court expressly "WARNED" plaintiff "that if she fails to respond to th[e] order, or fails to comply fully with all outstanding discovery obligations, the court will dismiss this action with prejudice for her bad faith non-compliance with the Federal Rules of Civil Procedure and orders of this court." Id.; see, e.g., Hathcock v. Navistar Int'l Transp. Corp, 53 F.3d 36, 41 (4th Cir. 1995). Plaintiff has failed to comply with this court's April 15, 2010 order and has failed to comply with her outstanding discovery obligations.

A party that fails to comply with discovery obligations is subject to a range of sanctions including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The court has broad discretion to both specifically and generally deter litigant misconduct through this "most severe" sanction. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam). In considering whether dismissal is an appropriate sanction, a court is to consider the following four factors:

(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice [the party's] noncompliance caused [the party's] adversary, which necessarily includes an inquiry into the materiality of the evidence [the party] failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

All four Mutual Federal factors counsel strongly in favor of dismissal in this case. Plaintiff has repeatedly flouted the orders of this court, ignored the Federal Rules of Civil Procedure and her discovery obligations, and failed to respond to communications from defense counsel. Moreover, plaintiff's counsel withdrew after plaintiff failed to return his phone calls and participate in the case [D.E. 17, 18]. Accordingly, it appears to the court that plaintiff has abandoned this action.

Filing a lawsuit is serious business and this court expects plaintiffs to approach lawsuits with due respect for that seriousness. Plaintiff has wasted this court's time and GCA's resources with her bad faith non-compliance with the Federal Rules of Civil Procedure and orders of this court. Such conduct must be deterred. Given plaintiff's repeated non-compliance and her bad faith, the court finds that no sanction short of dismissal would be effective.

Accordingly, in light of plaintiff's failure to comply with this court's order of April 15, 2010, and the manner in which she has proceeded in this case, the action is DISMISSED WITH PREJUDICE.

SO ORDERED. This 19 day of May 2010.

JAMES C. DEVER III
United States District Judge